UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LT TECH, LLC<br><br>   Plaintiff,<br> v.<br><br>KAYAKO, INC.<br><br>   Defendant. | Case No. 3:13-cv-3627<br><br>**COMPLAINT**<br>**FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LT Tech, LLC ("LTT") hereby alleges for its Complaint against Kayako, Inc. as follows:

**PARTIES**

1. Plaintiff LTT is a Texas limited liability company with its principal place of business at 906 Granger Drive, Allen, TX 75013.

2. On information and belief, Kayako, Inc. ("Kayako") is an Idaho corporation with a principal place of business at 420 Mainstreet, Suite 203, Boise, ID 83702.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Personal jurisdiction and venue are proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  On information and belief, Kayako has transacted business in

1

this district, and/or have committed, contributed to, and/or induced acts of patent infringement in this district.

5. On information and belief, Kayako is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

6. On information and belief, Texas Tech University, South Texas College, and the Texas Afterschool Centers on Education use Kayako's help desk product.

## U.S. PATENT NO. 6,177,932

7. LTT is the owner by assignment of United States Patent No. 6,177,932 ("the '932 Patent") entitled "Method and Apparatus for Network Based Customer Service." The '932 Patent originally issued on January 23, 2001 and a re-examination certificate issued on September 14, 2010. A true and correct copy of the '932 Patent is attached as Exhibit A and the re-examination certificate is attached as Exhibit B.

8. Messrs. Frank A. Galdes and Mark A. Ericson are listed as the inventors on the '932 Patent.

9. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '932 Patent complied with such requirements.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,177,932 BY KAYAKO

10. Plaintiff LTT incorporates paragraphs 1 through 9 as if set forth herein.

11. Kayako has, pursuant to 35 U.S.C. § 271, infringed and continues to infringe, has actively induced and currently is actively inducing others to infringe, and/or has contributorily infringed and is contributorily infringing the '932 Patent in the State of Texas, in this judicial district, and/or elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing, without license, customer service, customer support, and/or customer care systems that provide remote access and support for consumers and businesses, such as Kayako's Fusion product and related offerings.

12. Kayako's help desk solution falls within the scope of at least claim 21 of the '932 Patent, as evidenced by Kayako's product descriptions. For example, Kayako's help desk solution can "route tickets automatically". See http://www.kayako.com/tour/tickets. The solution also permits an agent to gain "full desktop control over the user's PC." See http://blog.kayako.com/v4-update-8-introducing -kayako-onsite-an-integrated-remote-desktop-application/.

13. Kayako had knowledge of the '932 Patent at least on or around June 18, 2013, when Plaintiff sent a letter to Varun Shoor, Kayako's CEO, identifying the '932 Patent. At least from that time forward, Kayako had specific intent to induce infringement by others and had knowledge that its acts contributed to the infringement of others.

14. Those whom Kayako induces to infringe and contributes to the infringement of are end users of accused products, such as those identified above and at http://www.kayako.com/company/customers.

15. As a result of Kayako's infringement of the '932 Patent, LTT has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Kayako's infringing activities are enjoined by this Court.

16. Kayako's infringement is willful and deliberate entitling LTT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

17. Unless a permanent injunction is issued enjoining Kayako and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '932 Patent, LTT will be irreparably harmed.

## PRAYER

WHEREFORE, LTT incorporates each of the allegations in paragraphs 1 through 38 above and respectfully requests that this Court enter:

1. A judgment in favor of LTT that Kayako has infringed, directly or indirectly, the '932 Patent;

2. A permanent injunction enjoining Kayako and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity, with any of them, from infringing, directly, jointly, and/or indirectly (by way of inducing and/or contributing to the infringement) the '932 Patent;

3. A judgment and order requiring Kayako to pay LTT its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '932 Patent as provided under 35 U.S.C. § 284;

4. A judgment finding Kayako's infringement to be willful from the time that Kayako became aware of the infringing nature of its products and services, and awarding treble damages to LTT for the period of such willful infringement pursuant to 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to LTT its reasonable attorney fees; and

6. Any and all other relief to which LTT may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues triable to a jury.

Dated:  September 10, 2013

Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas State Bar No. 24047205
Ni, Wang & Associates, PLLC
8140 Walnut Hill Ln, Suite 310
Dallas, TX  75231
T:  972.331.4600
F:  972.314.0900
Email:  hni@nilawfirm.com

Matthew DelGiorno (*Pro Hac Vice Pending*)
Texas State Bar No. 24077131
DelGiorno IP Law, PLLC
906 Granger Drive
Allen, TX  75013
T:  214.601.5390
Email:  matt@delgiornolaw.com

**Attorney for Plaintiff**
**LT Tech, LLC**